We'll hear the motion. Good morning, your honors, and may it please the court, may I save one minute for a buttle, if that's possible? It might not be necessary, I don't know. We don't usually do that on motions, but what the heck. All right, thanks. You might move that microphone up a little bit. There we go. Perfect. Okay. The question for this motion is whether we should send this case in tandem, all of the arguments, to the panel. For all I know, this could be the panel, but I think it's necessary because new prime v. Oliveira changes the landscape. The Supreme Court has said there's this little nubbin in there that is the right of the employee, and it doesn't apply to this contract. And as we argued in our brief, the judge didn't take care with our assertion of a jury trial, which we made a motion for. We didn't just put it in a jury demand. We made a motion for it, and we showed how there were questions of fact. And so I think you've got the situation now where the jurisprudential law, which is both connected to the law of arbitration and the contract of arbitration, and a statutory right under the FAA, Section 4, which is arguably a constitutional right, these are all wrapped into one. Your adversary is arguing that we don't have appellate jurisdiction. It is, and the reason for that is twofold. The statute that says if there's a stay, there's no appeal, and this circuit's decision that says you have to stay, not dismiss. But as I pointed out, what's the difference? It's not as if we're sent to arbitration, we're going to call the judge and ask her to force a deposition answer that would go to the arbitrator. The arbitrator, once the arbitration is finished, if the plaintiff prevails in this case, we trust that the other side will pay. And so we're not going to have to go back into court. It would be a very rare case where someone forces someone into arbitration and then doesn't comply with the award. Why do you have to vacate it when there are procedures in the FAA that allow you to go in and enforce an arbitral award? Why do you have to stay this rather than, as the judge put it, close the case in her docket sheet? A stay versus, and there might be some reason why you would want to stay rather than dismiss, but it's a dismissal without prejudice, and you could just come back into court if you need to. Sir, you just mentioned the new prime decision. How do you believe that assists your case? Well, the holding where the near unanimous court said that it doesn't apply to all contracts, and it looked at this small exception under section one, which is similar to the small little exception under section four for the jury trials. You've got the 1099 contractor, you've got the section four jury trial, and those are two things that are the right of the employee. And so since the Supreme Court has recognized section one, finally, as not forcing all contracts into arbitration, section four is the same type of thing. It's not the same relief, but it's the employee's protection. Thank you. Good morning. May it please the court. My name is Toby Soley, and I represent Defendant Appellee Morgan Stanley. This case should be dismissed because the interlocutory order issued by the district court granting arbitration and staying the case is not a final appealable order, and it is not able to be appealed subject to the plain language of the Federal Arbitration Act. Section 16, excuse me, 28 U.S.C. section 16 expressly provides that an order granting the motion to compel arbitration under section four and staying a case pending that arbitration under section three is not appealable. The plaintiff acknowledges that it is not appealable under section 16 and seeks to invoke the collateral order doctrine and the writ amendamus. Neither is appropriate in this circumstance. The collateral order doctrine is not appropriate because this is, you cannot use a judge made doctrine in order to usurp a statute set forth by Congress. Congress expressly provided when decisions under the Federal Arbitration Act are appealable and when they are not, and the collateral order doctrine should not be used to usurp Congress. Moreover, even if the collateral order doctrine were applied by this court, plaintiff has not satisfied that. The collateral order doctrine requires that it be a final collateral order. There is not a final decision here. The decision by the district court to send it to arbitration still, the case, the underlying merits still have to be decided and haven't been resolved. Your adversary argues, is raising challenges in his papers to the manner in which the arbitration agreement was distributed to employees. When would he be able to make those claims? Well, he made the claim at the district court level and the district court found that there was no issue of fact. He would be, again, able to appeal that decision during either a confirmation process or a vacature process. The FAA also expressly provides that when you seek to confirm an arbitration award, you must supply a copy of the arbitration agreement at that time. So the district court in confirming an award would be required to determine that there was an agreement to arbitrate. The plaintiff can continue throughout the arbitration process and through the confirmation or vacature process to assert that there is no agreement to arbitrate. But here the district court found that there was no issue of fact with respect to that. And section four expressly states that if the court determines that it is not an issue, then it should be compelled to arbitration. The court determined, applying the summary judgment standard that is applicable under these circumstances, that there was no issue of fact, that the plaintiff was on inquiry notice and that the agreement expressly provided information that would be reasonable to a person to inform them that they were agreeing to arbitrate if they failed to opt out. That argument you're saying can be made, his argument can be made at other times, and in essentially what you're saying. Yes, Your Honor, exactly. Thank you, Your Honors. The reason this circuit doesn't have jurisdiction is that it has held in contrast to other circuits that there must be a stay and not a dismissal. A dismissal would be a final order. Now we have new prime. Why shouldn't a panel figure out how new prime fits into the court's previous jurisprudence? One other thing I'll say is that counsel says that in order to enforce an arbitral award, you have to file the arbitration agreement. Well, that's very easy to do after the arbitration is over. You don't have to bring it first and then keep it there for the time of the arbitration. And it would be a huge waste of time in a case like this where we've presented good faith questions of fact that there should be a jury trial to go all the way to arbitration. And then once it's over, all right, let's go up and say we want our jury trial. That's not practical. Thank you. Thank you both. We'll take it under advisement.